# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PATRICK LEVY AND PATRICE PORTER LEVY | CIVIL ACTION |
| VERSUS | NO: 08-5065 |
| PHILLIPS AND JORDAN, INC., AND UNITED STATES ARMY CORPS OF ENGINEERS | SECTION: "S" (1) |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that the motion to dismiss for lack of subject matter jurisdiction (Doc. #3) by Phillips and Jordan, Inc. (P&J), pursuant to Federal Rule of Civil Procedure 12(b)(1) is **DENIED**.

## BACKGROUND

Defendant P&J has moved for dismissal pursuant to Rule 12(b)(1), arguing that this court lacks subject matter jurisdiction because the claims against it are prescribed, and because P&J is entitled to immunity from plaintiffs' claims under the provision of the Federal Tort Claims Act (FTCA).[1]

P&J contracted with the defendant United States Army Corps of Engineers (USACE) to

---

[1] 28 U.S.C. § 2671 *et seq.*

remove storm debris caused by Hurricane Katrina. Plaintiffs, Patrick and Patrice Levy, allege that on July 23, 2007, without plaintiffs' consent, P&J and the USACE "participated [in the] cutting down of [a] water oak located on Plaintiffs' property." Plaintiffs claim that the tree had been declared healthy by a tree arborist, and that the tree was of "great sentimental value," adding value to plaintiffs' property. Plaintiffs contend that the defendants are liable to them for conversion, trespass and negligence under Louisiana Civil Code article 2315, and under La. Rev. Stat. §3:4278.1, for cutting their tree without consent.

## ANALYSIS

**1. Legal standard**

"Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case."[2] "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."[3] In a 12(b)(1) motion, the party asserting jurisdiction bears the burden of proof that jurisdiction does in fact exists.[4] "Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to

---

[2] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

[3] *Id.*

[4] *Id.*

2

relief."[5]

**2. Motion to Dismiss**

*a. Prescription*

Plaintiffs contend that their claim against P&J has not prescribed because suit was filed within two years of the damage. Plaintiffs cite La. Rev. Stat. §9:5624 which provides:

> When private property is damaged for public purposes any and all actions for such damages are prescribed by the prescription of two (2) years, which shall begin to run after the completion and acceptance of the public works.

Defendant asserts that La. Rev. Stat. §9:5624 has no application to a federal contractor, and is intended only to protect the State of Louisiana and its political subdivisions.

State tort cases against a contractor for a federal agency are governed by state prescription law. *Drury v. U.S. Army Corps of Engineers*, 359 F.3d 366, 367 (2004) (*per curiam*). In *Drury*, a property owner brought action against a contractor working on behalf of the USACE. The district court concluded that the two-year limitation in §9:5624 had tolled before plaintiff filed suit, and granted summary judgment for the contractor. The Fifth Circuit affirmed, and holding that the plaintiff's claims against the contractor were filed in excess of the two-year prescription period and are time-barred. *Id.* at 369.[6]

In this case, damages occurred on July 23, 2007, when plaintiffs' tree was cut down without

---

[5] *Id.*

[6] The court also stated that "[n]o precedent or statute establishes that [plaintiff's] federal FTCA claim against the United States interrupts prescription of the state tort claims against [the contractor]. *Id.* at 369. Thus, timing of plaintiffs' filing of the FTCA claim with the USACE does not matter to whether plaintiffs' claims against P&J have prescribed.

3

their consent; and suit was filed on December 8, 2008, which is within the two-year prescriptive period under La. Rev. Stat. §9:5624. Plaintiffs' claim against P&J was not prescribed at the time plaintiffs filed suit under La. Rev. Stat. §9:5624 because plaintiffs filed his suit within two years from the date of loss.

*b. Government Contractor Immunity From Suit*

P&J contends that the court lacks subject matter jurisdiction because under the FTCA, it has derivative immunity from suit for tort damages while acting under the direction or on behalf of the federal government in the exercise of legitimate authority.

The government contractor defense is based on the doctrine of derivative immunity for private contractors first enunciated by the Supreme Court in *Yearsley v. W.A. Ross Constr. Co.*, 309 U.S. 18 (1940), and later expanded in *Boyle v. United Tech. Corp.*, 487 U.S. 500 (1988). The concept of derivative immunity extends to private contractors the immunity traditionally afforded to the government when the government engages in a discretionary governmental function. *In Re: World Trade Ctr. Disaster Site Litigation*, 456 F. Supp. 520, 560 (S.D. N.Y. 2006). The Fifth Circuit has recognized that the purpose of derivative immunity "is to prevent the contractor from being held liable when the government is actually at fault." *Trevino v. Gen. Dynamics Corp.*, 865 F.2d 1474, 1478 (5th Cir. 1989). When the contractor's actions are not specifically approved by the government then the defense does not apply *Id.* at 1480.

The government contractor defense provides that contractors hired by the government cannot be held liable for performing their contract in conformity with specifications established by the government, as long as the contracts are performed with care and without negligence. *Hercules, Inc.*

4

*v. United States*, 5126 U.S. 417, 421-22 (1996); *Boyle*, 487 U.S. at 5121-12. To invoke the defense, three elements must be proven: (1) the government approved reasonably precise specifications, (2) the government supervised and controlled the implementation of those specifications, and (3) the contractor was not aware of reasons not known to the government that would make the implementation of the specifications unsafe or unreasonable. *In Re: World Trade Ctr. Disaster Site Litigation*, 456 F. Supp. 2d at 563; *see also Kersteter v. Pac. Scientific Co.*, 210 F.3d 431, 435 (5th Cir. 2000) and *Boyle*, 487 U.S. at 506 (defense also applies to performance contracts).

P&J argues that it provided "debris removal" services pursuant to a contract wherein P&J agreed to supply "equipment, operators and laborers," to load and haul debris to an approved dumpsite, and "to commence debris removal services within 24 hours of a task order." P&J argues that the USACE oversaw and monitored its work, and that P&J reported to the USACE's contracting officer who had the unilateral authority to alter the services to be performed. P&J attaches to its motion the 192-page contract as support that P&J had a clear directive "to remove debris from private property in plaintiff's parish."

Plaintiffs contend that their tree was healthy when P&J cut it down, and provides a letter from their arborist which had trimmed the tree of broken branches after the storm but before P&J's felling of the tree. The arborist states in his letter that after he provided his services, "[t]his tree showed no sign of disease, and it was healthy when we finished." Plaintiffs further contend that the contract does not specify that P&J was to enter private property for debris removal or to fell healthy trees.

While P&J contends that the contract specifies that P&J was to remove storm debris from

private property, the provisions upon which defendant relies do not specify that P&J's contractual duties extended to storm debris removal from private property, or to felling healthy trees on private property. As to the derivative immunity defense, plaintiffs have alleged that the contract is not specific to encompass P&J's actions, and P&J has not demonstrated that the contract provided specifically for storm removal from private property.

This motion can be granted only if it appears certain that plaintiff cannot prove any set of facts in support of their negligence claim that would entitle them to relief. The court cannot conclude that it is certain that there is no set of facts in support of plaintiffs' negligence claim against P&J that would entitled them to relief.

New Orleans, Louisiana, this __9th__ day of September, 2009.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**