UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PATRICK LEVY AND PATRICE PORTER LEVY | CIVIL ACTION |
| VERSUS | NO: 08-5065 |
| PHILLIPS AND JORDAN, INC AND UNITED STATES ARMY CORPS OF ENGINEERS | SECTION: "S" (1) |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that the Motion for Summary Judgment filed by defendant, Phillips & Jordan, Inc. (Doc. #67), is **DENIED**.

## BACKGROUND

Defendant, Phillips & Jordan, Inc. ("P&J"), filed a motion for summary judgment arguing that it is entitled to derivative governmental immunity under the federal contractor defense, and that plaintiffs cannot prove that it trespassed on their property.

P&J contracted with the United States Army Corps of Engineers ("USACE") to remove storm debris caused by Hurricane Katrina. Plaintiffs, Patrick and Patrice Levy, allege that on July 23, 2007, without plaintiffs' consent, P&J and the USACE "participated [in the] cutting down of [a] water oak located on Plaintiffs' property." Plaintiffs claim that the tree had been declared healthy

by a tree arborist, and that the tree was of "great sentimental value," adding value to plaintiffs' property. Plaintiffs contend that the defendants are liable to them for conversion, trespass, and negligence under Louisiana Civil Code article 2315, and under Louisiana Revised Statutes § 3:4278.1, for cutting their tree without consent.

P&J moved for summary judgment arguing that it has derivative governmental immunity under the government contractor defense.

## ANALYSIS

A.   **Summary Judgment Standard**

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 809 (5th Cir. 1991); FED. R. CIV. PROC. 56(c). If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial. Celeotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986). The non-movant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). If the opposing party bears the burden of proof at trial, the moving party does not have to submit evidentiary documents to properly support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case. Saunders v. Michelin Tire Corp., 942 F.2d 299, 301 (5th Cir. 1991).

**B.      Government Contractor Defense**

The government contractor defense is based on the doctrine of derivative immunity for private contractors first enunciated by the Supreme Court in Yearsley v. W.A. Ross Constr. Co., 60 S.Ct. 413 (1940), and later expanded in Boyle v. United Tech. Corp., 108 S.Ct. 2510 (1988). The concept of derivative immunity extends to private contractors the immunity traditionally afforded to the government when the government engages in a discretionary governmental function. In Re: World Trade Ctr. Disaster Site Litigation, 456 F. Supp. 520, 560 (S.D.N.Y. 2006). The Fifth Circuit has recognized that the purpose of derivative immunity "is to prevent the contractor from being held liable when the government is actually at fault." Trevino v. Gen. Dynamics Corp., 865 F.2d 1474, 1478 (5th Cir. 1989). When the contractor's actions are not specifically approved by the government the defense does not apply   Id. at 1480.

The government contractor defense provides that contractors hired by the government cannot be held liable for performing their contract in conformity with specifications established by the government, as long as the contracts are performed with care and without negligence. Hercules, Inc. v. United States, 116 S.Ct. 981, 985 (1996); Boyle, 108 S.Ct. at 2518. To invoke the defense, three elements must be proved: (1) the government approved reasonably precise specifications, (2) the government supervised and controlled the implementation of those specifications, and (3) the contractor was not aware of reasons not known to the government that would make the implementation of the specifications unsafe or unreasonable. In Re: World Trade Ctr. Disaster Site Litigation, 456 F. Supp. 2d at 563; see also Kersteter v. Pac. Scientific Co., 210 F.3d 431, 435 (5th Cir. 2000) and Boyle, 108 S.Ct. at 2515 (defense also applies to performance contracts).

P&J argues that it is entitled to summary judgment finding that it is protected from liability by the government contractor defense. P&J argues that it provided "debris removal" services pursuant to a contract with the USACE, and that the Federal Emergency Management Agency ("FEMA") and the USACE determined which trees would be cut down and monitored P&J's work. P&J argues that plaintiffs' tree was marked with an "X," which indicated that FEMA and the USACE had determined it was eligible for removal. P&J also concedes that it could not remove a tree without a site sketch prepared by the USACE showing that the tree was to be removed. P&J argues that the tree was shown on a site sketch for the adjacent property. Thus, P&J contends that it was the government's discretionary decision to cut down the tree, and it cannot be held liable for carrying out the directive.

Plaintiffs contend that P&J negligently cut down their tree. P&J's supervisor testified in his deposition that P&J was not supposed to cut down any trees on private property without a site sketch from the USACE for each individual property showing the trees to be cut down. P&J has not produced such a site sketch for plaintiffs' tree. Thus, plaintiffs contend that P&J was not acting according to a government directive when it cut down their tree, was negligent in performing its contractual duties, and cannot assert the government contractor defense.

P&J has presented evidence that plaintiffs' tree had a green "X" on it, which is the USACE's customary marking for a tree that is eligible for destruction. However, P&J admits that it had to have a site sketch for each individual property upon which work was to be done. P&J has not produced a site sketch for plaintiffs' property that indicates that the tree was to be removed. P&J did produce a site sketch for the adjacent property, and contends that it shows that plaintiffs' tree

was to be removed.  This site sketch has a notation that reads "see file for ➜ tree marked next door" at plaintiffs' address.  This notation indicates that there is a file pertaining to and should contain a site sketch of plaintiffs' property if their tree was to be removed.  Because P&J has not produced the site sketch for plaintiffs' property, there are genuine issues of material fact as to whether P&J was acting upon a government directive in cutting down plaintiffs' tree, which precludes summary judgment that P&J is entitled to derivative governmental immunity under the government contractor defense.

**C.     Trespass**

Under Louisiana law, trespass is "the unlawful physical invasion of the property or possession of another person." Powell v. Dorris, 814 So.2d 763, 772 (La. Ct. App. 2002) (quoting Versai Mgmt., Inc. v. Monticello Forest Prods. Corp., 479 So.2d 477, 782 (La. Ct. App. 1985)).  The plaintiff must prove that the defendant had the intent to trespass and/or negligently trespassed on his property or possession.  Terre Aux Boeufs Land Co., Inc. v. J.R. Gray Barge Co., 803 So.2d 86, 95 (La. Ct. App. 2001).

P&J argues that plaintiffs cannot prove that it was unlawfully on their property because it was acting under a Right of Entry issued by the Mayor of New Orleans that permitted FEMA and its contractors to enter private property for hurricane debris removal.   As stated above, there are genuine issues of material fact as to whether P&J was acting pursuant to a governmental directive, thus P&J is not entitled to summary judgment.

## CONCLUSION

**IT IS HEREBY ORDERED** that the Motion for Summary Judgment filed by defendant, Phillips & Jordan, Inc. (Doc. #67), is **DENIED**.

New Orleans, Louisiana, this 14th day of October, 2010.

_____
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**